UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MITCHELL,

    Plaintiff,

v.

PIFFER,

    Defendant.

No. 2:18-cv-2949-WBS-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel. He originally brought this action in the Amador County Superior Court. ECF No. 1. Defendant Piffer removed the action to this court on November 9, 2018.[1] *Id.* Attached to his notice of removal was a copy of plaintiff's complaint. *Id.*, Ex. A. Defendant requests that the court screen the complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. ECF No. 1. After reviewing the complaint pursuant to § 1915A, the court concludes that it fails to state a cognizable claim and must be dismissed with leave to amend.[2]

/////

/////

---

[1] On November 29, 2018, plaintiff filed objections to defendant's notice of removal. ECF No. 5. As discussed *infra*, defendant's removal of this action was proper.

[2] Plaintiff has filed a motion to amend (ECF No. 8), which is denied as moot.

1

## Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Plaintiff alleges that defendant violated his civil rights pursuant to 42 U.S.C. § 1983 by failing to return plaintiff's personal property to him, in violation of his "federal as well as state constitutional right's [sic]." ECF No. 1, Ex. A at 5, 23. The Fourteenth Amendment reads that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Liberally construed, plaintiff has raised a federal due process claim over which this court has jurisdiction. *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

/////

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Analysis

Plaintiff alleges that defendant assured plaintiff's former cellmate he would ship plaintiff's personal property to plaintiff but instead stole the property and claimed that plaintiff's cellmate had donated it. ECF No. 1, Ex. A at 17. Construed as a federal due process claim, plaintiff's allegations are not sufficient to survive screening. A deprivation of personal property is not actionable as a due process claim under section 1983 where the deprivation is the result of random and unauthorized action (as opposed to an established state procedure), and the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). California provides an adequate post-deprivation remedy through its Government Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). To proceed, plaintiff must file an amended complaint.

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's complaint (ECF No. 1, Ex. A) is dismissed with leave to amend within 30 days of service of this order. Failure to comply with any part of this order may result in dismissal of this action. It is further ORDERED that plaintiff's motion to amend (ECF No. 8) is denied as moot.

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE