UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PIFFER,<br><br>    Defendant. | No. 2:18-cv-2949-WBS-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 28, 2019, the court screened plaintiff's complaint, deemed it deficient, and dismissed it with leave to amend. ECF No. 10. He has filed an amended complaint (ECF No. 11) and the court must screen it.

Screening

I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. <u>Analysis</u>

The allegations of the amended complaint do not materially differ from those in the original. Plaintiff again alleges that defendant assured plaintiff's former cellmate he would ship plaintiff's personal property to plaintiff but instead stole the property and claimed that plaintiff's cellmate had donated it. ECF No. 11. Like the original allegations, the amended allegations are not sufficient to survive screening. A deprivation of personal property is not actionable as a due process claim under section 1983 where the deprivation is the result of random and unauthorized action (as opposed to an established state procedure), and the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). California provides an adequate post-deprivation remedy through its Government Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). As there is no cognizable federal claim, the amended complaint cannot survive screening and must be dismissed.

<u>Leave to Amend</u>

The court has already afforded plaintiff a chance to amend his complaint and, having done so, he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

<u>Conclusion</u>

Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 11) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

3

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE