UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MITCHELL, | No. 2:18-cv-2949-WBS-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PIFFER, | |
| Defendant. | |

  Plaintiff, a state prisoner proceeding without counsel, brought this action in the Amador County Superior Court. ECF No. 1. Defendant removed the case to this court on November 9, 2018 (*id.*) and, on January 16, 2020, it was dismissed without leave to amend for failure to state a cognizable claim. ECF No. 18. No appeal was taken.

  Now, plaintiff has filed a motion to remand this closed case to the superior court. ECF No. 20. Therein, he argues that, since the dismissal in this court, he has unsuccessfully attempted to reopen the state court case that was removed. *Id.* at 2-4. This motion must be denied for two reasons.

  First, the motion is untimely. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." This motion, filed more than thirty days after the removed case was closed, is obviously past due.

Second, a case that is removed, decided, and closed in federal court does not revert to its state origin at time of closing. *See Phoenix Fuel Corp. v. Sunworld Int'l Airlines*, No. C-06-06104 RMW, 2007 U.S. Dist. LEXIS 111252, *4-5 (N.D. Cal. Feb. 7, 2007) ("Once a case is removed from state court, all further state court actions are void. The state court may resume jurisdiction only if and when the case is remanded by the federal court."). There would be little purpose in removing a case if, after it was litigated in federal court, the parties found themselves back at the point of removal in state court. This does not necessarily mean that all claims at issue are forever barred from being raised in state proceedings. But it does mean that the results of the litigation in federal court after the removal cannot be ignored. Here, plaintiff's claims were dismissed without prejudice but without leave to amend. In other words, those claims were not resolved on the merits but were dismissed in a manner that they cannot be revived in this proceeding. It may be that some of his claims could be brought in a new state court proceeding. However, that possibility is for plaintiff to explore and not for this court to opine on.

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for remand (ECF No. 20) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE