UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIFFER,<br><br>　　　　　Defendant. | No. 2:18-cv-2949-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding without counsel, commenced this action in the Amador County Superior Court. ECF No. 1. Defendant removed the case to this court on November 9, 2018 (*id.*) and, on January 16, 2020, it was dismissed without leave to amend for failure to state a cognizable claim. ECF No. 18. Plaintiff has since filed a pleading pointing out that the court, in dismissing the federal question claims, did not address plaintiff's state law claims. That issue is addressed below, following a brief summary of the case's procedural history.

　　　　On September 24, 2020, over nine months after the case was closed, plaintiff moved to remand this case to the superior court. ECF No. 20. On October 16, 2020, the court issued proposed findings and recommendations recommending that the motion to remand be denied. ECF No. 22. Plaintiff filed objections to that recommendation, arguing that the court never addressed the merits of his state law claims.[1] ECF No. 23 at 4; *see also* ECF No. 11 (Amended

---

[1] Plaintiff's argument, as clarified in his objections, essentially requests relief that is more appropriately sought under Rule 60(b).

1  Complaint) at 10 & 12 (alleging a "state tort" claim and a violation of his "state protected due
2  process rights").

3  Indeed, the recommendation for dismissal found only that there was "no cognizable
4  *federal* claim." ECF No. 15 at 3 (emphasis added).  But because the court recommended
5  dismissal of plaintiff's federal claim only, it was within the court's discretion to retain jurisdiction
6  over the remaining state law claims or remand them to the superior court.  *See Swett v. Schenk*,
7  792 F.2d 1447, 1450 (9th Cir. 1986); *see also Plute v. Roadway Package System, Inc.*, 141 F.
8  Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand *sua sponte* or on motion of a party).
9  The court did neither and must now resolve which is the appropriate disposition of the state law
10 claims.

11 The court finds that at the time of the dismissal of the federal claims, the appropriate
12 action on the state law claims would have been to decline supplemental jurisdiction and remand
13 those claims.  *See D.R. Horton, Inc. v. Pinal Cty*., No. CV-08-0999-PHX-ROS, 2009 U.S. Dist.
14 LEXIS 135182, *8 (D. Ariz. March 23, 2009) (declining supplemental jurisdiction over plaintiff's
15 state law claims, noting that "it would be inconvenient and unfair to dismiss and force Plaintiff to
16 re-file . . . in state court."); *Bhatt v. OWB REO LLC*, No. EDCV 12-02068-VAP (SPx), 2012 U.S.
17 Dist. LEXIS 181561, *3 (C.D. Cal. Dec. 21, 2012) (declining supplemental jurisdictional over
18 remaining state law claims and remanding them to state court).  That result can be effectuated by
19 granting relief under Rule 60(b) for the purposes of correcting the judgment to reflect that the
20 federal question claims are dismissed for failure to state a claim and that this court is declining
21 supplemental jurisdiction over the state law claims.  Plaintiff's most recent filing in support of his
22 motion to remand implicitly request such relief.

23 Therefore, liberally construed, plaintiff's motion to remand (ECF No. 20) is construed as a
24 timely motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil
25 Procedure.  Under these circumstances, the court finds that there is good cause for granting relief
26 from judgment under Rule 60(b)(6) ("any other reason that justifies relief").

27 Accordingly, it is ORDERED that the October 16, 2020 findings and recommendations
28 (ECF No. 22) are WITHDRAWN.

Further, it is RECOMMENDED that:

1. Plaintiff's motion for remand (ECF No. 20) be construed as a Rule 60(b) motion for relief from judgment, and so construed, be GRANTED for the purpose of remanding the state law claims;
2. The Clerk of the Court be directed to VACATE the January 16, 2020 order (ECF No. 18) and judgment (ECF No. 19) and REOPEN the case for disposition as follows;
3. Plaintiff's federal due process claim be DISMISSED without leave to amend for the reasons stated in the November 20, 2019 findings and recommendations (ECF No. 15) and the court DECLINE to exercise supplemental jurisdiction over the remaining state law claims; and
4. The action be REMANDED to the Amador County Superior Court, in the civil action titled *Michael Mitchell, Plaintiff, v. T. Piffer, Defendant*, Case No. 18-CV-10670.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 11, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE