UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MITCHELL, | No. 2:18-cv-2949-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| PIFFER, | |
| Defendant. | |

   Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On February 11, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Defendant has filed objections to the findings and recommendations and plaintiff has filed a response thereto.

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, with the exception of the finding and recommendation that plaintiff's motion for remand

1

should be construed as a Rule 60(b) motion for relief from judgment and granted for the purpose of remanding the state law claims, for reasons that will be discussed below.

Defendant objects to the findings and recommendations because they do not address whether plaintiff's motion for remand was timely. (Docket No. 26.) The findings and recommendations, however, liberally construed plaintiff's motion to remand as a timely motion for relief from judgment. After finding that such relief should be granted, the magistrate judge recommended that the remaining state law claims be remanded to state court. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 345 (1988) (federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain). Nevertheless, this court need not resolve whether the motion to remand was timely or properly construed as a timely motion for relief from judgment, as the court may sua sponte remand a case to state court after all federal claims are dismissed. Moreover, the court may also sua sponte correct a judgment based on oversights or omissions under Rule 60(a). Here, both the magistrate judge and the undersigned failed to recognize plaintiff's pending state law claim in the November 20, 2019 Findings and Recommendations (Docket No. 15) and the January 16, 2020 Order (Docket No. 18) adopting those findings and recommendations and dismissing plaintiff's amended complaint. Under these circumstances, the court will vacate the January 16, 2020 Judgment (Docket No. 19) to make clear that only the amended complaint's federal claim is dismissed and to allow the court to remand plaintiff's state claims to state court.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 11, 2021 (Docket No. 25), are adopted in part;

2. The Clerk of the Court is directed to VACATE the January 16, 2020 order (Docket No. 18) and judgment (Docket No. 19) and REOPEN the case for disposition as follows;

3. Plaintiff's federal due process claim is DISMISSED without leave to amend for the reasons stated in the November 20, 2019 findings and recommendations (Docket No. 15) and the court DECLINES to exercise supplemental jurisdiction over the remaining state law claims; and

4. The action is REMANDED to the Amador County Superior Court, in the civil action titled <u>Michael Mitchell, Plaintiff, v. T. Piffer, Defendant</u>, Case No. 18-CV-10670.

Dated: April 5, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE